Damian P. Richard, Esq. (SBN 1409067)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 619/296-2013
drichard@sessions-law.biz

Attorney for Diversified Consultants, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN RICHARD GILMORE,<br><br>          Plaintiff,<br>     vs.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>          Defendant. | Case No.: 14-cv-00202-TMB<br><br>NOTICE OF MOTIONS AND MOTIONS TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>FRCP 12(b)(6) & 12(f) |

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that defendant DIVERSIFIED CONSULTANTS, INC. ("DCI") hereby moves this Court, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, for an Order dismissing the entire Complaint of plaintiff JUSTIN RICHARD GILMORE ("Plaintiff"), and each cause of action alleged therein, on the grounds that the alleged causes of action fail to state a claim upon which relief may be granted against DCI, and for an Order striking Plaintiff's prayer for attorney's fees.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete records and file herein, court records subject to judicial notice and upon such evidence and arguments that may be presented before the time of the Court's ruling on the motions.

Dated: October 27, 2014    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/ Damian P. Richard*
Damian P. Richard
Attorneys for Defendant
DIVERSIFIED CONSULTANTS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Until recently, Plaintiff lived in San Diego County, California, where he voluntarily entered into a Value Unlimited Talk and Text service contract with T-Mobile. Plaintiff recently skipped-town without paying his just debt—the $584.53 unpaid balance remaining on the account. T-Mobile placed the account with DCI for collection.

Based on only two alleged phone calls from DCI, Plaintiff now attempts to fashion three causes of actions for alleged violations of the following statutes: the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. §§ 227, et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Alaska Consumer Protection Act ("ACPA"), AS 45.50.471, et seq.

Plaintiff is wrong. First, Plaintiff fails to plead how DCI violated these statutes. Plaintiff's allegations are conculsory, and simply recite the statutory language without providing any facts upon which to base relief. Second, DCI had the *prior express consent* to call Plaintiff, all calls were made manually, and Plaintiff fails to allege he is the subscriber of the number called. Plaintiff fails to even allege the number called. As such, Plaintiff cannot establish these elements to the TCPA. Third, Plaintiff cites a non-existent ACPA section.

Even when accepting his false allegations as true, Plaintiff fails to allege sufficient facts to state a claim upon which relief can be granted. Because Plaintiff fails to state a claim upon which relief may be granted, all three counts warrant dismissal.

## II. LAW AND ARGUMENT

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) require a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss under the *Twombly* standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009) quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The *Twombly* Court explained the purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." *Id.* When the allegations in a complaint fail to sufficiently state a claim showing that the plaintiff is entitled to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. While a pro se complaint is entitled to a liberal construction, "even a pro se complaint must contain enough factual allegations to state a claim to relief that is plausible, not merely speculative." *Campbell v. Commercial Equip., Inc.*, 5:10-CV-00313-WW, 2011 WL 3925068 (E.D.N.C. Sept. 7, 2011).

"Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss," *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir.2001), and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. PLAINTIFF FAILS TO STATE A TCPA CLAIM

The Complaint impermissibly recites the statutory language of the TCPA and nothing more. *Twombly*, 550 U.S. at 555. Paragraphs 8 through 13 of the Complaint represent nothing more than a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by [a] mere conclusory statement[ ]" and should therefore be rejected. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949; *see also Western*

*Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981) ("We do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").

Plaintiff alleges DCI violated the TCPA's "cell phone" provision, which, absent consent, "prohibits persons from (1) making 'any call,' (2) 'using any automatic telephone dialing system [("ATDS")] or an artificial or prerecorded voice,' (3) 'to any telephone number assigned to a . . . cellular telephone service . . . .'" *Grant v. Capital Management Services, L.P.,* 2011 WL 3874877, *1 (9th Cir. 2011) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

Plaintiff does not allege any facts, as opposed to legal conclusion, to establish the required elements of the TCPA, specifically that a call was placed using an ATDS or "artificial or prerecorded voice." All calls made by DCI were made manually, without the use of an ATDS, and Plaintiff fails to allege facts stating the contrary. Plaintiff also fails to allege any facts supporting a lack of *prior express consent*. Plaintiff's TCPA claim therefore fails as a matter of law.

The TCPA provides, in pertinent part:
> It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

47 U.S.C. § 227(b)(1)(A)(iii).

In shortest form, Plaintiff's claim fails because he does not allege any facts that would establish that an ATDS was used to call Plaintiff's cell phone.

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *47 U.S.C. § 227(a)(1)*. Plaintiff bears the burden of establishing that the calls to his cell phone were made with automated equipment that has the capacity to store or produce numbers to be called through the use of an automatic or sequential number generator. *See Dominguez v. Yahoo, Inc.,* 2014 WL 1096051, *4 (E.D. Pa. 2014) citing *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009). Here, Plaintiff fails to plead any such factual allegations. This failure is understandable, as Plaintiff here is incapable of demonstrating that DCI called his cell phone with an ATDS. Plaintiff's inability to establish an essential element of the claim–namely, that the calls were placed through an ATDS, dooms his TCPA claim.

Further, Plaintiff fails to allege lack of *prior express consent* from the creditor. The Federal Communications Commission ("FCC") prescribes and implements regulations governing the TCPA's provisions concerning automated phone calls. *See* 47 U.S.C. § 229. The FCC has consistently found that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992). Subsequently, on January 4, 2008, the FCC adopted Declaratory Ruling 07–232, which further clarified its 1992 ruling:

> [A]utodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone

subscriber to be contacted at that number regarding the debt. . . . Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 564 (F.C.C.2008) (emphasis added).

Thus, the FCC has determined that "prior express consent will be found whenever a person has provided his cell number to a creditor in connection with the transaction that resulted in the debt." *See Chavez v. Advantage Group,* 2013 WL 4011006, *2 (D. Colo. Aug. 5, 2013). The FCC noted, "[w]ith this ruling, . . . creditors and debt collectors may use predictive dialers to call wireless phones, provided the wireless phone number was provided by the subscriber in connection with the existing debt." *See* 2008 FCC Ruling at 567, ¶ 14, 2008 WL 65485, *4; *see also Saunders v. NCO Financial Systems, Inc.,* 910 F.Supp.2d 464, 467 (E.D.N.Y. 2012) (stating "the authorities are almost unanimous that voluntarily furnishing a cell phone number to a vendor or other contractual counterparty constitutes express consent.") (citations omitted).

The Hobbs Act, 28 U.S.C. § 2342, requires that the FCC Rulings of 1992 and 2008 be applied by a District Court regarding how consent may be obtained to call a consumer's cell phone under the TCPA. *See Leckler v. Cashcall, Inc.,* 2008 WL 5000528 (N.D. Cal. Nov. 21, 2008) (vacating earlier decision after realizing the applicability of the Hobbs Act). In this case, the 1992 and 2008 FCC Rulings establish as a matter of law that Plaintiff granted prior express consent to DCI when he provided his cell number to the creditor. *See Murphy v. DCI Biologicals Orlando, LLC,* 2013 WL 6865772, *8 (M.D. Fla. 2013, Dec. 31, 2013) ("This Court agrees with the *Chavez* court and joins those courts that have found that the 2008 FCC Ruling is binding on the district courts and not subject to review except by the federal courts of appeals.")

Notice of Motion, Motion to Dismiss, Memorandum of Points and Authorities in Support

7

Case 3:14-cv-00202-TMB   Document 4   Filed 10/27/14   Page 7 of 10

Plaintiff fails to allege facts that DCI used an ATDS, nor does Plaintiff allege that DCI lacked *prior express consent* from the creditor. His TCPA claim fails.

## IV. PLAINTIFF FAILS TO STATE AN FDCPA CLAIM

Plaintiff's FDCPA claims are without merit. Plaintiff fails to allege how DCI violated the FDCPA. (Compl. ¶¶ 14-20.) In support of a claim for relief pursuant to FDCPA, a plaintiff must provide factual support as to why and how the statute was violated. "Plaintiff's mere reference to these federal statutes is insufficient to state a claim upon which relief can be granted—for each federal statute, Plaintiff must actually explain what allegations support a violation." *Sakugawa v. IndyMac Bank,* F.S.B. 2010 WL 4909574, 2 (D. Hawai'i).

Plaintiff alleges DCI "failed to send the Plaintiff a 30-day validation notice within five days of the initial communication." Section 1692g(a) requires a written notice of various disclosure within 5 days of the "initial communication" with the consumer. Here, Plaintiff fails to allege any "communication." Plaintiff alleges only 2 calls which appear on his cell phone. (Compl. Ex. 1.) Plaintiff fails to allege that he spoke with DCI, that DCI left any messages or that he communicated with DCI in any way. Without any allegations as to an "initial communication," Plaintiff's allegations under § 1692(g) fail.

Plaintiff next tries to fashion a violation of § 1692b(3). However, § 1692b applies to "any person other than the consumer." Here, Plaintiff admits that he is the consumer. (Compl. ¶ 18.) Thus, his § 1692b allegation fails as a matter of law.

Plaintiff's allegation that "the phone [rang] repeatedly," *after only two attempts*, is insufficient to state a claim under § 1692d(5). Section 1692d(5) makes it a violation for "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Two calls does not constitute "repeatedly or

Notice of Motion, Motion to Dismiss, Memorandum of Points and Authorities in Support

8

Case 3:14-cv-00202-TMB   Document 4   Filed 10/27/14   Page 8 of 10

continuously," nor does Plaintiff allege any "intent to annoy, abuse, or harass any person" on the part of DCI.  As such the § 1692(d)(5) claim fails.

Lastly, Plaintiff alleges DCI violated § 1692f, which states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  But Plaintiff fails to allege any facts as to what "unfair or unconscionable means" were employed by DCI.  Plaintiff fails to allege any facts that his debt is not authorized by controlling documents or permitted by law.  (Comp. ¶ 14-20.) Plaintiff's claims pursuant to section 1692f should be dismissed.

## V. **PLAINTIFF FAILS TO STATE AN ACPA CLAIM**

Plaintiff's ACPA claim is without merit.  There is no such statute as AS 45.50.475(3).  It does not exist.  For this reason alone the claims fails as a matter of law.  To the extent Plaintiff intended to reference AS 45.50.475(a)(3), the claim also fails because this statute applies to marketers, not debt collectors.  The statute prohibits advertisers and solicitors from "engag[ing] in the telephone solicitation of a customer who has previously communicated to the telephone solicitor, or to the business enterprise or charitable organization for which the person is calling, the customer's desire not to receive telephone solicitations . . ."  Here, Plaintiff admits that DCI is a debt collector, (Compl. ¶ 19), not an advertiser, marketer, or solicitor. Further, Plaintiff fails to allege any communication where he "previously communicated . . . [his] desire not to receive telephone" communications from DCI.  As such, the ACPA claim fails.

## VI. **PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES SHOULD BE STRICKEN**

Plaintiff requests attorney's fees against DCI in his prayer for relief. However, a plaintiff, appearing pro per, is not an attorney and cannot collect fees. Thus, Plaintiff's prayer for attorney's fees should be stricken.  *See Kay v. Ehrler,* 499 U.S. 432, 435 (1991) ("[A] pro se litigant who is not a lawyer is not entitled to attorney's fees.").

## VII. CONCLUSION

Even read in a light most favorable to the non-moving party, Plaintiff has failed to state a claim for relief pursuant to the TCPA, FDCPA, or the ACPA. For the foregoing reasons, DCI respectfully requests this Court grant its Motion to Dismiss.

Dated: October 27, 2014      SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
Attorney for Defendant
Diversified Consultants, Inc.