IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUSTIN RICHARD GILMORE,

    Plaintiff,

vs.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

Case No. 3:14-cv-00202-TMB

## INITIAL ORDER TO SELF-REPRESENTED PARTY

On September 9, 2014, Justin Richard Gilmore, representing himself, filed a small claims case in the District Court for the State of Alaska,[1] which was removed by the Defendants to this Court on October 21, 2014.[2] The Defendant asserts that the case has been timely removed under this Court's subject matter jurisdiction.[3] At this time, both parties have filed dispositive motions with the Court.[4]

When a plaintiff is self-represented, the Court has an obligation to liberally construe the plaintiff's pleadings and give the plaintiff the benefit of the doubt.[5]

---

[1] Docket 1-2; Alaska District Court Case 3AN-14-03284SC.

[2] Docket 1.

[3] Docket 1; 28 U.S.C. §§ 1331, 1441(a).

[4] Dockets 4-6.

[5] *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants . . . This rule relieves pro se litigants from the strict application of procedural rules and demands

However, self-represented plaintiffs must still follow Court rules and procedures. For that reason, this Order sets out some of the basic procedures for self-represented litigants in federal District Court and includes a handbook designed to assist self-represented parties through the litigation process.

IT IS THEREFORE ORDERED:

1. All papers filed with the Court must be identified with the name of the Court, the case number, the name of the Plaintiff, the name of the Defendant, and the title of the document, as illustrated on the first page of this Order.

2. The Plaintiff shall serve a copy of all filings he sends to the Court upon counsel for the Defendant. The Plaintiff shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed, faxed or hand-delivered to ("served upon") the Defendant's lawyer. A certificate of service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was served upon (name of opposing counsel) by (mail/fax/hand-delivery) at (counsel's address) on (date).
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge which does not include a certificate of service indicating that the Defendant was served with a copy of that document will be disregarded by the Court.

---

that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them.") (citations omitted).

3. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, a party may not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

4. A motion should be identified with the information identified in the caption of this Order, and should be titled "Motion for (relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court knows immediately what the party is requesting. In addition, Local Rule 7.4 requires that every motion be filed with a proposed order that the Court can use if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

5. The Clerk of Court is directed to send a copy of the Court's Motion form, PS12, to the Plaintiff with this Order.

6. At all times, the Plaintiff must keep the Court informed of any change of address, by filing a notice titled "Notice of Change of Address." The notice shall contain only information about the change of address, and its effective date. The notice shall not include requests for any other relief.

7. All documents the Plaintiff files with the Clerk of Court must contain the Plaintiff's original signature, and must be mailed or hand-delivered to the Court at the following address:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

8.    The Clerk of Court is directed to send a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," to the Plaintiff with this Order.

9.    The Plaintiff is warned that, if the Defendant prevails in this action, the Plaintiff may be ordered to pay costs and attorney's fees to the Defendant.[6]

DATED at Anchorage, Alaska this 29th day of October, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U.S. DISTRICT JUDGE

---

[6] *See* Fed.R.Civ.P. 54(d).

3:14-cv-00202-TMB, *Gilmore v. Diversified Consultants*
Initial Order to Self-Represented Parties
Page 4 of 4