Damian P. Richard, Esq. (SBN 1409067)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 619/296-2013
drichard@sessions-law.biz

Attorney for Diversified Consultants, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN RICHARD GILMORE,<br><br>            Plaintiff,<br>   vs.<br><br>DIVERSIFIED CONSULTANTS,<br>INC.,<br><br>            Defendant. | Case No.: 14-cv-00202-TMB<br><br>MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS AND STRIKE COMPLAINT PURSUANT TO FRCP 12(b)(6) & 12(f) |

## I. INTRODUCTION

Plaintiff's Opposition concedes that he is not the subscriber of the cell phone allegedly called and that "only the name of the plaintiff's wife appears on the monthly bill." (Opposition ¶ 6.) Therefore, Plaintiff has no standing to assert the alleged violations of the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. §§ 227, et seq. Furthermore, Plaintiff alleges that there were only "2" calls, and he fails to allege that the calls were answered. As such, Plaintiff fails to state a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., as a matter of law. Plaintiff's Opposition also admits that his allegations regarding the Alaska Consumer Protection Act ("ACPA"), AS

45.50.471, et seq., are without merit. (Opposition ¶ 18.) Even when accepting his false allegations in the complaint as true, Plaintiff fails to establish the required elements of the claims he attempts to assert. All three counts warrant dismissal and are incurable through further amendment.

## II. TCPA CLAIM FAILS

Plaintiff must allege sufficient facts to support the legal claim in order to survive dismissal under Rule 12(b)(6). *See Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir.2010). The elements of a TCPA claim are "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [("ATDS")]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir.2012). Here, Plaintiff's complaint impermissibly recites only the language of the statute. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do"). The complaint contains zero facts alleging that Diversified used an ATDS to call Plaintiff's cellular telephone. (Compl. ¶¶ 1-13.)

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing *Twombly* and *Iqbal*); *Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

The cases cited by Plaintiff in his Opposition are neither controlling nor do they even concern the cell phone provisions of the TCPA. For example, *Margulis v. P & M Consulting, Inc.,* 121 S.W.3d 246 (Mo. App. 2003) involved telemarketing calls to a residential landline, not a cellular phone.

Moreover, Plaintiff lacks standing under the TCPA. When it comes to the application of the TCPA to cell phones, courts within this Circuit have held, "the TCPA is intended to protect the telephone subscriber, and thus it is the subscriber who has standing to sue for calls made to that number." *Guttierez v. Barclays Group,* 2011 WL 579238, *5 (S.D. Cal. Feb. 9, 2011). Here, Plaintiff concedes that it is his wife's cell phone, that his wife's name appears on the cell phone bill, and therefore only his wife has standing to sue for alleged violations of the TCPA. (Opposition ¶ 6.)

More importantly, Plaintiff does not allege any facts, as opposed to legal conclusions, that make a plausible showing to establish the required elements under the TCPA—specifically that a call was placed using an ATDS or "artificial or prerecorded voice." All calls made by Diversified were made manually, without the use of an ATDS, and Plaintiff fails to allege facts to the contrary. The TCPA claims should be dismissed with prejudice.

## III. FDCPA CLAIM FAILS

Plaintiff's allegations under 15 U.S.C. § 1692g(a) fail as a matter of law because, as stated in the complaint and its exhibit, there is no allegation that the calls were answered. *See* 5 Wright & Miller, Fed. Prac. & Proc. § 1327 (observing that "by attaching an exhibit, the pleader often may foreclose recovery on a theory of relief that he claims is available to him since the document itself may reveal the existence of an insurmountable defense")).

Unanswered phone calls do not constitute "communications" under the FDCPA. *Wilfong v. Persolve, LLC,* 2011 WL 2678925 (D.Or. June 2, 2011) report and recommendation adopted, 2011 WL 2601559 (D.Or. June 30, 2011); *Rush v. Portfolio Recovery Associates, LLC,* 977 F.Supp.2d 414, 420 (D.N.J. 2013). *Worsham v. Acct. Receivables Mgmt., Inc.,* 2011 WL 5873107 (D. Md. Nov. 22, 2011). In *Wilfong,* the court held that "[n]o information regarding a debt was conveyed directly or indirectly to [the] plaintiff by the receipt of the unanswered telephone call" because the debt collector never left a message. *Id.,* 2011 WL 2678925, at *4. As stated in *Wilfong,* "[e]ven with a broad reading of the FDCPA to carry out its purpose, on these facts . . . the receipt of an unanswered telephone call does not constitute a 'communication' within the meaning of the FDCPA." *Id.* at *4.

By failing to allege that he answered the calls or spoke with a representative he fails to state a claim under § 1692g(a) as a matter of law.

Plaintiff's Opposition fails to even address the inadequacies of his allegations under § 1692b(3) (applies only to third parties), § 1692d(5) ("2" calls not "repeated" or "harassing"), or § 1692f ("2" calls not "unfair" or "unconscionable"). Plaintiff's Opposition merely states that it was a violation for Diversified to attempt to collect on a "non-existent alleged debt." (Opposition ¶ 16.) However, Plaintiff has already admitted in his complaint to the existence of the debt. (Compl. ¶ 2.)

Plaintiff's FDCPA claim fails as a matter of law, cannot be cured through further amendment, and therefore should be dismissed without leave to amend.

## IV.   ACPA CLAIM FAILS

Plaintiff's Opposition concedes that his ACPA claim is without merit. (Opposition ¶ 18.) Plaintiff cannot create a statute that does not exist. This claim is incurable through amendment, and therefore should be dismissed with prejudice.

**V.   PRAYER FOR ATTORNEY'S FEES SHOULD BE STRICKEN**

Plaintiff's Opposition concedes that he is not entitled to attorney's fees. (Opposition ¶ 19.)  Therefore, the prayer for attorney's fees should be stricken.

**VI.   CONCLUSION**

Even when assuming the allegations are true, Plaintiff has failed to state a claim for relief pursuant to the TCPA, FDCPA, or the ACPA.   The defects in Plaintiff's pleading cannot be cured—he is not the cell phone subscriber, there were only "2" unanswered calls alleged, and the ACPA statute Plaintiff sues under does not exist.   Dismissal without leave to amend is proper where the defects were incurable.  *See Franklin v. Murphy,* 745 F.2d 1221, 1228 n. 9 (9th Cir. 1984).   For the foregoing reasons, Diversified respectfully requests this Court grant its Motion to Dismiss, without leave to amend.

Dated:  November 11, 2014        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.


                                 */s/Damian P. Richard*
                                 Damian P. Richard
                                 Attorney for Defendant Diversified Consultants,
                                 Inc.

CASE NAME: Justin Richard Gilmore v. Diversified Consultants, Inc.
CASE NO: 14-cv-00202 TMB

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years and not a party to the within action; my business address is 1545 Hotel Circle South, Suite 150, San Diego, CA 92108  I served the following:

**Memorandum in Reply to Plaintiff's Opposition to Defendant's
Motions to Dismiss and Strike Complaint Pursuant to FRCP 12(b)(6) & 12(f)**

( x )    BY U.S. MAIL

I served a true and correct copy of the above-named documents by mail by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the U.S. mail at San Diego, California.  Said envelope(s) was/were addressed as listed hereafter:

(  )    BY FEDERAL EXPRESS DELIVERY

I served a true and correct copy of the above-named documents by Federal Express by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the Federal Express location in San Diego, California.  Said envelope(s) was/were addressed as listed hereafter:

(  )    BY COURT'S CM/ECF ELECTRONIC FILING SERVER

I served on the interested parties in this action through their attorney's, as stated below, who have agreed to accept electronic service in this matter, by electronically filing and serving said documents via the Court's CM/ECF electronic filing server.

Justin Richard Gilmore
6501 East 9th Ave
Anchorage, AK 99504

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 12, 2014

_____
Ann M. Coito