IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

JUSTIN RICHARD GILMORE,

                Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

                Defendant.

Case No. 3:14-cv-00202-TMB

ORDER

## I. INTRODUCTION

In September 2014, Plaintiff Justin Richard Gilmore filed suit against Defendant Diversified Consultants, Inc. (DCI), a debt collector, alleging violations of the Telephone Consumer Protection Act (TCPA), the Fair Debt Collection Practices Act (FDCPA), and the Alaska Consumer Protection Act (ACPA).[1] On October 27, 2014, Plaintiff moved for a default judgment alleging that DCI failed to timely file a responsive pleading.[2] That same day, DCI filed a motion to dismiss and strike Plaintiff's complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure §§ 12(b)(6) and 12(f); Plaintiff opposed the motion.[3] For the reasons that follow, Plaintiff's Motion for Default Judgment at **Docket 5**, Motion to Set Hearing at **Docket 6**, and Motion to Compel at **Docket 11** are **DENIED**; DCI's Motion to Strike Plaintiff's Amended Complaint at **Docket 15** is **GRANTED**; and DCI's Motion to Dismiss at **Docket 4** is **GRANTED without prejudice**.

---

[1] Dkt. 1-2 (Complaint) (Plaintiff refers to A.S. 45.50.475 as the "Alaska Unfair Trade and Consumer Practices Act." In fact, this statute falls under the ACPA.).

[2] Dkt. 5 (Plaintiff's Motion for Default Judgment).

[3] Dkt. 4 (DCI's Motion to Dismiss); Dkt. 9 (Defendant's Opposition to Motion to Dismiss).

1

## II.     BACKGROUND

The present action arises from two phone calls from DCI to Plaintiff's cell phone on July 16, 2014. Plaintiff claims that DCI called him in reference to a debt to T-Mobile that he has no contractual obligation to pay. DCI asserts that Plaintiff in fact owed T-Mobile $584.53 on an account that T-Mobile gave to DCI for collection. Plaintiff alleges violations of the TCPA, FDCPA, and ACPA because DCI did not have prior permission to call Plaintiff's cell phone and "repeatedly harass[ed] Plaintiff in attempts to collect [an] alleged but nonexistent debt."[4]

Plaintiff, filing pro se, commenced this action in small claims court against DCI on September 9, 2014. Plaintiff alleges four counts: (1) DCI violated the TCPA by using an automatic telephone dialing system to call Plaintiff's cell phone; (2) DCI violated the TCPA by calling Plaintiff's cell phone more than once in a twelve month period; (3) DCI violated the FDCPA by "repeatedly" calling Plaintiff's cell phone to collect a nonexistent debt without sending notification; and (4) DCI violated the ACPA by "repeatedly" calling Plaintiff after he informed DCI that he did not consent to the phone calls. Plaintiff asserts that these violations caused him personal injury and demands statutory damages, attorney's fees, and any other available relief.

DCI was served with the original complaint on September 29, 2014. On October 21, 2014, DCI removed the action to federal court pursuant to 28 U.S.C. §1441(a).[5] On October 27, 2014, DCI filed a motion to dismiss and strike Plaintiff's complaint. Also on October 27, 2014,

---

[4] Dkt. 1-2 at 2-3.

[5] §1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court…." Since Plaintiff's action arises under the FDCPA and TCPA, the district court has original jurisdiction within the meaning of 28 U.S.C. § 1331.

Plaintiff moved for a default judgment under Federal Rule of Civil Procedure 55(b)(1) on the grounds that DCI failed to answer his original complaint within the required time frame and requested a hearing to address the motion.[6] Plaintiff then filed an opposition to DCI's motion to dismiss on November 6, 2014.[7]

Plaintiff filed a motion to compel regarding the scheduling and planning conference on November 26, 2014.[8] Before the Court ruled on DCI's motion to dismiss, and without asking the Court for leave to amend, Plaintiff filed a First Amended Complaint on December 23, 2014.[9] DCI moved to strike the First Amended Complaint on the grounds that it is untimely and filed without leave.[10]

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's complaint may be dismissed if it fails to set forth a short and plain statement of his claim establishing that he is entitled to relief.[11] The statement must contain "sufficient factual matter" which, taken as true, would state a claim that is "plausible on its face."[12] A plaintiff has established facial plausibility when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[6] Dkt. 5; Dkt. 6 (Motion to Set Hearing/Trial).

[7] Dkt. 9.

[8] Dkt. 11.

[9] Dkt. 14.

[10] Dkt. 15.

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

for the misconduct alleged."[13] Factual allegations need not be detailed but "must be enough to raise a right of relief above the speculative level."[14] The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15]

The Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and afford him the benefit of any doubt.[16] Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[17] Nonetheless, a pro se complaint must still allege sufficient facts to allow the Court to determine whether he has successfully stated a claim.[18]

When ruling on a motion to dismiss brought under Rule 12(b)(6), the Court treats all well-pleaded facts as true and construes them in a light most favorable to the non-moving party.[19] However, the Court does not accept as true conclusory legal allegations simply because they are presented in the form of factual assertions.[20] Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."[21] The Court generally does not look beyond the complaint for additional facts when reviewing a Rule 12(b)(6)

---

[13] *Id.*

[14] *Twombly*, 550 U.S. at 555.

[15] *Id.*

[16] *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

[17] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[18] *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[19] *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005).

[20] *Wyler Summit P'ship v. Turner Broad. System, Inc.*, 135 F.3d 658, 665 (9th Cir. 1998).

[21] *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

motion.[22]  Dismissal is warranted if Plaintiff does not prove sufficient facts in support of his claim that would entitle him to relief.[23]

## IV. DISCUSSION

As a preliminary matter, the Court finds that Plaintiff's motion for default judgment is without merit.  Pursuant to 28 U.S.C. § 1446(b), a defendant's notice of removal must be filed "within 30 days after the receipt by defendant…of the initial pleading."  Defendant received Plaintiff's complaint on September 29, 2014 and filed a notice of removal 22 days later on October 21, 2014.  After removal, DCI had seven days to respond to Plaintiff's complaint.[24]  DCI filed an answer to the complaint on October 27, 2014, six days after filing the notice of removal.  Therefore, DCI timely filed a notice of removal and Plaintiff's request for a default judgment on the basis of failure to timely respond to the complaint is denied.  Based on this finding, Plaintiff's motion to set a hearing to address his motion for default judgment is also denied.

### A. Plaintiff's Claims Under the TCPA Lack Factual Support for the Conclusory Assertion that DCI Used an Automatic Telephone Dialing System

The first two counts of Plaintiff's complaint allege violations of TCPA, 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(2)(5).  Section 227 of the TCPA makes it unlawful to make a phone call "using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to…any service for which the called party is charged for the call."[25]

---

[22] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[23] *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

[24] Fed. R. Civ. P. 81(c)(2)(C).

[25] 47 U.S.C. § 227(B)(1)(A)(iii).

5

The statute defines an automatic telephone dialing system as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator[,] and…to dial such numbers."[26] The Ninth Circuit has stressed: "When evaluating the issue of whether equipment is an [automatic telephone dialing system], the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.'"[27]

In support of his claims that DCI used such equipment to call his cell phone, Plaintiff's complaint presents the language of Section 227 and the assertion that DCI willfully violated the statute "by using an automatic telephone dialing system…[and] by calling the Plaintiff's phone number, more than once during a 12 month period."[28] Plaintiff's complaint lacks any additional factual support for this conclusory statement. Without more, Plaintiff's claims under the TCPA are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and thus insufficient for the Court to reasonably infer that DCI used an automatic telephone dialing system in violation of the TCPA.[29]

---

[26] 47 U.S.C. § 227(a)(1).

[27] Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009).

[28] Dkt. 1-2 ¶¶ 9.

[29] Iqbal, 556 U.S. at 678; see Sepehry-Fard v. Dept. Stores Nat'l Bank, 15 F.Supp.3d 984, 987-88 (N.D. Cal. 2014) (Pro se plaintiff failed to state a claim under the TCPA because he did not provide facts to substantiate the claim such as the content of the calls.); McGinity v. Tracfone Wireless, Inc., 5 F.Supp.3d 1337, 1340 (M.D. Fla. 2014) ("Plaintiff fails to allege any facts tending to create an inference that the calls were made using an automatic telephone dialing system."); Jones v. FMA Alliance Ltd., 978 F.Supp.2d 84, 85 (D. Mass. 2013) ("[A] 'bare allegation that [a defendant] used an [automatic telephone dialing system] is not enough.'") (quoting Gragg v. Orange Cab Co., Inc., 942 F.Supp.2d 1111, 1113-14 (W.D. Wash. 2012)); Johansen v. Vivant, Inc., 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("It is not

The Court acknowledges "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery."[30] Nonetheless, a plaintiff must still allege some facts that suggests the defendant used an automatic telephone dialing system for a claim under the TCPA to survive a motion to dismiss. For example, in *Kazemi v. Payless Shoesource Inc.* the plaintiff's claim under the TCPA survived a motion to dismiss because "plaintiff's description of the received messages as being formatted in SMS short code licensed to defendants, scripted in an impersonal manner and sent en masse supports a reasonable inference that the text messages were sent using an [automatic telephone dialing system]." [31] Likewise, in *Neptune v. Whetstone Partners, LLC*, the plaintiff's allegations that the defendant called 45 times during a five month period, several times on a single day, and on back-to-back days were sufficient to infer that the defendant used an automatic telephone dialing system.[32] Here, Plaintiff has merely alleged two phone calls on one day and does not provide specific details as to the content or circumstances of

---

unreasonable…to require a plaintiff to describe the phone messages he received in layman's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [automatic telephone dialing system]."); *Duran v. Wells Fargo Bank, N.A.*, 878 F.Supp.2d 1312 (S.D. Fla. 2012) (Plaintiff failed to allege TCPA violation because he merely stated in a conclusory manner that he received many calls from the defendant and spoke with service representatives on several occasions.).

[30] *Knutson v. Reply!, Inc.*, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011).

[31] 2010 WL 963225, at *2 (N.D. Cal. March 16, 2010); *see also* Hickey v. Voxernet, LLC, 887 F.Supp.2d 1125, 1130 (W.D. Wash. 2012) ("Plaintiff's allegation regarding the generic content and automatic generation of the [text] message is sufficient to infer the use of an [automatic telephone dialing system]."); *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010) (Surviving a motion to dismiss, Plaintiff described the code used to send text messages to his cell phone and that "[t]he messages were advertisements written in an impersonal manner.").

[32] 2014 WL 3734549 (S.D. Fla. July 28, 2014); see also *Hashw v. Dept. Stores Nat'l Bank*, 986 F.Supp.2d 1058 (D. Minn. 2013) (Facts were sufficient to state a claim where plaintiff alleged 112 calls to his cell phone over a short period of time by credit card issuers.); *Forrest v. Genpact Services, LLC*, 962 F.Supp.2d 734 (M.D. Pa. 2013) (Plaintiff pled sufficient facts for TCPA claim when she alleged that defendant made over 225 calls to her cellular phone.).

7

the calls. The Court concludes that Plaintiff has not sufficiently pled facts to establish a reasonable inference that DCI used an automatic telephone dialing system to state a claim under the TCPA.

### B. Plaintiff Fails to State a Claim Under the FDCPA

Count three of Plaintiff's complaint alleges a violation of several sections of the FDCPA: 15 U.S.C. §§ 1692b(3), 1692d(5), and 1692g. This section aims, in part, "to eliminate abusive debt collection practices by debt collectors."[33] Plaintiff alleges violations of sections 1692b(3), 1692d(5), 1692f, and 1692g.[34] The Court will address each in turn.

Section 1692b(3) applies to "[a]ny debt collector communicating with any person *other than the consumer* for the purpose of acquiring location information about the consumer."[35] Plaintiff contends that DCI violated 1692b(3) when it "called Plaintiff 2 times without permission."[36] In his complaint, Plaintiff also contends that he "is a consumer within the meaning of § 1692a(6)."[37] Because Section 1692b only applies to persons other than the consumer, Plaintiff's claim is without merit.

Section 1692d(5) makes it unlawful for a debt collector to "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including conduct such as "[c]ausing a telephone to ring or engaging any person in

---

[33] 15 U.S.C. § 1692(e).

[34] Dkt. 1-2 ¶¶ 15, 16, 17, 20.

[35] Emphasis added.

[36] Dkt. 1-2 ¶ 16.

[37] *Id.* ¶ 18.

8

telephone conversation repeatedly or continuously."[38] Plaintiff alleges that DCI violated this section when it "caused the phone to ring repeatedly."[39] "Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls."[40] The Court cannot reasonably find that two phone calls placed approximately one hour apart constitutes repeated or continuous conduct that raises to the level of actionable harassment or annoyance.

Section 1692f provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."[41] Plaintiff's complaint alleges DCI violated 1692f "by claim[ing], attempt[ing], or threatening to enforce a debt when such a person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist."[42] Construing all well-pled facts in favor of the Plaintiff, the Court will assume that Plaintiff does not actually owe a debt to T-Mobile. Even with this assumption, however, the Court does not find that DCI's phone calls were "unfair or unconscionable." DCI contacted Plaintiff in regard to a debt on an account provided by T-Mobile that it reasonably believed was valid. There is no indication that DCI knew that the debt was not legitimate or attempted to mislead Plaintiff as to the amount of debt in question or the character of that debt.[43]

---

[38] 15 U.S.C. § 1692d(5).

[39] Dkt. 1-2 ¶ 17.

[40] *Joseph v. J.J. Mac Intyre Cos.*, LLC, 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002).

[41] 15 U.S.C. § 1692f.

[42] Dkt. 1-2 ¶ 20.

[43] *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) (Reversing the district court's dismissal of plaintiff's claim under 1692f because the letter sent to plaintiff did not specify what services were rendered and "gave a false impression of the character of the debt.").

Without any factual allegation that DCI knew or should have known that the debt was not legitimate, Plaintiff's claim must fail.

Moreover, only materially false or misleading statements are actionable under 1692f.[44] Statements are material if they are "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response" rather than "mere technical falsehoods that mislead no one."[45] The only factual allegation in Plaintiff's complaint as to the content of DCI's phone calls is that there was reference to an "alleged but nonexistent debt."[46] Plaintiff asserts that he "has no prior or present established relationship with [DCI]," and that he "has no contractual obligation to pay [DCI]."[47] Taking these assertions as true, Plaintiff would not be misled by DCI's calls about a debt owed to T-Mobile if he knew at the time of the calls that he did not owe any debt. Without facts as to the content of the phone calls from DCI, the Plaintiff has not alleged any "genuinely misleading statements" that would establish a viable claim for relief under 1692f.

Finally, Section 1692g requires a debt collector to send a validation notice containing certain information "within five days after the initial communication with a consumer in connection with the collection of any debt…."[48] No written notice is required if the consumer has paid the debt or if the information required in the written notice was already provided in the initial

---

[44] *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

[45] *Id.* at 1034.

[46] Dkt. 1-2 ¶ 7.

[47] *Id.* ¶¶ 4, 6.

[48] 15 U.S.C. § 1692g(a)

10

Case 3:14-cv-00202-TMB   Document 16   Filed 01/13/15   Page 10 of 13

communication.[49]  Plaintiff claims that DCI failed to send such notice after the phone calls.[50] Plaintiff fails to state any facts as to whether or not the required information was provided during his communication with DCI.  In fact, as discussed *supra*, Plaintiff fails to allege any facts as to the content of the calls beyond reference to a debt.  There is thus insufficient factual information alleged regarding the content of the initial communication between Plaintiff and DCI to state a plausible claim for relief under 1692g.[51]

### C.  DCI is Not an Advertiser, Marketer, or Solicitor for a Claim Under the ACPA

Plaintiff's fourth and final claim alleges that DCI violated the ACPA "by repeatedly calling Plaintiff's cell phone after Plaintiff informed [DCI] that he did not consent to [DCI's] call."[52] Plaintiff cites A.S. 45.50.475(3) which does not exist.  It appears that Plaintiff was referencing A.S. 45.50.475(a)(3) which states: "A person is in violation of A.S. 45.50.471(b)(41) if the person…engages in the telephone solicitation of a customer who has previously communicated to the telephone solicitor…the customer's desire not to receive telephone solicitations to that number."  Even if Plaintiff cited the appropriate statute, however, his claim under the ACPA must fail.  The ACPA defines "telephone solicitation" as "solicitation by a person by telephone of a customer at the residence of the customer for the purpose of encouraging the customer to

---

[49] *Id.*

[50] Dkt. 1-2 ¶ 15.

[51] *See* Chavez v. Access Capital Services, 2014 WL 2716876, at *4 (E.D. Cal. June 16, 2014) (Dismissal of plaintiff's claim under § 1692g was appropriate because "the complaint does not clarify that the required information regarding the alleged debt was not provided in the initial communication.").

[52] Dkt. 1-2.

11

purchase property, goods, or services, or make a donation."[53] As Plaintiff acknowledges, DCI is a "debt collector"[54] and "[t]the communications in question here are all related to the collection of a consumer debt."[55] Because Plaintiff's complaint does not allege that DCI was engaged in telephone solicitation, his claim under the ACPA fails.

Based on the above findings, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's motion to compel a scheduling and planning conference is denied.

**D. Plaintiff's First Amended Complaint**

Plaintiff filed a First Amended Complaint on December 23, 2014.[56] DCI moved to strike the First Amended Complaint on the grounds that it was untimely and filed without leave from the Court.[57] DCI argues that Plaintiff failed to request leave to amend his original complaint and the time for amending the complaint expired on November 27, 2014.[58]

A party may amend its pleading without leave from the Court within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[59] Beyond this time frame, leave of the Court is required.[60] DCI filed its

---

[53] A.S. 45.50.475(g)(5).

[54] Dkt. 1-2 ¶ 19.

[55] *Id.* ¶ 2.

[56] Dkt. 14.

[57] Dkt. 15.

[58] *Id.* at 3.

[59] Fed. R. Civ. P. 15(a)(1)(B).

[60] *Id.*

Motion to Dismiss under Rule 12(b)(6) and 12(f) on October 27, 2014.[61] Plaintiff's First Amended Complaint was filed on December 23, 2014, well beyond the 21 day limit set forth in Rule 15(a)(1)(B). Since Plaintiff failed to request leave to file an amended complaint beyond that time frame, Plaintiff's First Amended Complaint is stricken.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. DCI's Motion to Dismiss and Strike Complaint at **Docket 4** is **GRANTED without prejudice**. Plaintiff's Motion for Default Judgment at **Docket 5**, Motion to Set Hearing/Trial at **Docket 6**, and Motion to Compel a Scheduling and Planning Conference at **Docket 11** are **DENIED**. DCI's Motion to Strike Plaintiff's First Amended Complaint at **Docket 15** is **GRANTED**.

On or before **Monday, February 9, 2015**, Plaintiff may file a motion to amend the complaint, accompanied by a copy of the proposed amended complaint, curing the deficiencies detailed above. The amended complaint must set forth claims that are more than conclusory statements and are supported by sufficient factual allegations as explained in this order.[62] If Plaintiff does not file an amended complaint by that date, a judgment of dismissal with prejudice will be entered by the Court.

Dated at Anchorage, Alaska, this 13th day of January, 2015.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[61] Dkt. 4.

[62] *Twombly*, 550 U.S. at 555.